UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAMID HUSSAIN SHEIKH,

                Plaintiff,                No. 11-cv-15533
                                                Hon. Gerald E. Rosen

vs.

LAWRENCE S. YORK and
FRANKIE YORK, jointly and severally,

                Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Plaintiff filed the instant lawsuit in response to a business transaction purportedly gone awry. The complaint was filed on December 19, 2011. In it, Plaintiff alleges five separate claims against Defendants. In lieu of answering the complaint, Defendants filed this motion to dismiss on February 28, 2012. Having reviewed the parties' pleadings, the Court finds that the pertinent allegations and legal arguments are sufficiently addressed in these materials and that oral argument would not assist in the resolution of this motion. Accordingly, the Court will decide Defendants' motion "on the briefs." See L.R. 7.1(f)(2). As explained below, the Court will dismiss Plaintiff's complaint for lack of personal jurisdiction.

When a defendant moves to dismiss under Rule 12(b)(2), the plaintiff bears the burden of establishing that jurisdiction exists. *Air Products and Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007); *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989). When the Court decides a Rule 12(b)(2) motion on the

basis of written submissions alone, the burden on the plaintiff is "relatively slight," *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988), and "the plaintiff must make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal," *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). In considering written submissions, the Court must construe the facts presented in the light most favorable to the Plaintiff. *Serras*, 875 F.2d at 1214.

In a case involving state law claims, such as this, the exercise of jurisdiction by the Court must be both (1) authorized by the law of the state in which it sits, and (2) in accordance with the Due Process Clause of the Fourteenth Amendment. *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005). Michigan's long-arm statute extends limited jurisdiction over individuals in a number of circumstances set out in Mich. Comp. Laws § 600.705:

> The existence of any of the following relationships between an individual or his agent and the state shall constitute a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited personal jurisdiction over the individual and to enable the court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:
>
> (1) The transaction of <u>any</u> business within the state.
> (2) The doing or causing <u>any</u> act to be done, or consequences to occur, in the state resulting in an action for tort . . . .

Mich. Comp. Laws § 600.705 (emphasis added). The Due Process Clause of the Fourteenth Amendment requires "certain minimum contacts with [the forum] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial

2

justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S. Ct. 339, 343 (1940)).  More specifically, the Sixth Circuit has explained that the due process inquiry requires the following: (1) that the defendant purposefully avail himself of the privilege of acting in the forum state; (2) that the cause of action arise from the defendant's actions in the forum state; and (3) that the actions of the defendant have a substantial enough relationship with the forum state to make the exercise of jurisdiction reasonable.  *Youn v. Track, Inc.*, 324 F.3d 409, 418 (6th Cir. 2003) (citing *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).  "It is often repeated that the first prong -- purposeful availment -- is the '*sine qua non* for in personam jurisdiction.'"  *Air Products and Controls*, 503 F.3d at 550 (quoting *S. Mach.*, 401 F.2d at 381-82).

"[P]ersonal jurisdiction over a defendant exists if the defendant is amenable to service of process under the forum state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant due process."  *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (quotations omitted).  Dismissal is appropriate here because Defendants are not amenable to service under Michigan's long-arm statute.  As explained below, Plaintiff has not alleged any facts pertaining to Defendants' in-state conduct.  Defendants are thus not amenable to service.  Mich. Comp. Laws § 600.705.  Therefore, personal jurisdiction is lacking.

The Michigan long-arm statute permits the Court to exercise jurisdiction over Defendants for actions arising out of "[t]he transaction of any business within the state."

3

Mich. Comp. Laws § 600.705(1). The standard is "extraordinarily easy to meet" in part because the phrase "any business within the state" means even the "slightest act of business in Michigan." *Kelly Servs., Inc. v. Noretto*, 495 F. Supp. 2d 645, 652 (E.D. Mich. 2007). *See also Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 888 (6th Cir. 2002) (applying the "slightest act of business" standard); *Sifers v. Horen*, 385 Mich. 195, 199 n.2, 188 N.W.2d 623 (1971) ("the word 'any' means just what it says. It includes 'each' and 'every'. . . . It comprehends the 'slightest'."). Plaintiff need only make a *prima facie* showing.

  Despite such a low threshold, Plaintiff has failed to demonstrate that Defendants have conducted any business in Michigan. In his complaint, Plaintiff only briefly alleges that Lawrence York "has, upon information and belief, conducted business in the State of Michigan at time [sic] prior to the filing of this action sufficient to establish personal jurisdiction in this Court." (Compl. ¶ 2.) Aside from Plaintiff's complete lack of allegations regarding Defendant Frankie York, the offering of a conclusory statement alone does not constitute a *prima facie* showing. The relevant law requires Plaintiff to allege specific facts regarding personal jurisdiction. *Serras*, 875 F.2d at 1214. For instance, in *Theunissen*, the court found personal jurisdiction based on specific allegations of in-state conduct that included entering into contracts in-state and maintaining an in-state residence. 935 F.2d at 1459-60. Here, all relevant conduct alleged by Plaintiff occurred in Kentucky. Plaintiff may not establish personal jurisdiction solely by relying on conclusory statements.

Further, the Court is on notice that Plaintiff's approach to jurisdictional pleading -- reliance on "information and belief" -- appears to be habitual.  On August 26, 2011, Plaintiff filed a nearly identical complaint with this Court.  The Court dismissed that complaint for lack of subject matter jurisdiction since Plaintiff failed to properly plead the citizenship of a defendant limited liability company.  In that case, in response to the Court's order to show cause, Plaintiff again relied on mere "information and belief" regarding the constituent members of the defendant limited liability company.  The only apparent difference between Plaintiff's prior complaint and this case is the omission of the problematic defendant, Proactive Advisors, L.L.C.  Plaintiff makes the same substantive allegations in both complaints.  As in the Court's prior opinion, conclusory statements do not establish jurisdiction.

## IV. CONCLUSION

For the reasons stated in this opinion, the Court finds that it lacks personal jurisdiction over Defendants.

THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss [Dkt. #5] is GRANTED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: March 26, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 26, 2012, by electronic and/or ordinary mail.

                 s/Ruth A.Gunther
                 Case Manager
                 (313) 234-5137